SCHUMACHER *v.* CITY OF FLINT.

1. MUNICIPAL CORPORATIONS—"ISSUE" OF BONDS.
When applied to bonds, "issue" as used in city charter may mean original authorization, or it may mean executed, delivered, or put into circulation, or it may mean the whole process from initial authority to final delivery, depending upon context of charter provision.

2. SAME—FUNCTION OF ELECTORS IN ISSUING BONDS.
Function of electors in issuance of municipal bonds is not to do, direct, or superintend administrative acts of putting them into circulation, but it is to authorize them, to grant power under which administrative officers may execute and deliver them.

3. SAME—INITIAL AUTHORIZATION BY ELECTORS.
Provision of charter requiring approval by electors of all bonds "issued" relates to initial authorization, is prospective in operation, and does not limit power of city commission to negotiate them.

4. SAME—CITY COMMISSION CAN NEGOTIATE BONDS AFTER APPROVAL BY ELECTORS.
Where issue of bonds was approved by electors under charter then in force, city commission under new charter containing no restriction on administrative issuance of bonds could negotiate said bonds without new vote of electors.

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 2, 1930. (June Docket No. 127, Calendar No. 35,324.) Decided October 7, 1930.

Bill by Roy W. Schumacher and another against the city of Flint, a municipal corporation, to enjoin the sale of sewer bonds. From a decree dismissing the bill of complaint, plaintiffs appeal. Affirmed.

*Guy W. Selby,* for plaintiffs.

*Frank G. Millard,* for defendant.

FEAD, J. On April 1, 1929, at the annual election in the city of Flint, bonds in large amount for sanitary and storm sewers were authorized by a three-fifths vote of the taxpaying electors voting on the question, in accordance with the city charter. Some of the bonds were sold at different periods. On the second Monday of April, 1930, a new city charter went into full effect. Thereafter, the city commission advertised more of the sewer bonds for sale, received and accepted bids for them. This suit was brought to restrain delivery of the latter bonds on the ground of lack of authority in the city commission to negotiate them, because of the following provision of the new charter:

"No bonds * * * shall be issued until the issuance thereof has been approved by three-fifths of the electors of the city voting thereon at a general election or at a special election called by the commission to vote thereon."

When applied to bonds, "issue" may mean the original authorization (*Wright* v. *East Riverside Irrigation District,* 70 C. C. A. 603 [138 Fed. 313]; *Hooker* v. *East Riverside Irrigation District,* 38 Cal. App. 615 [177 Pac. 184]; 33 C. J. p. 826), or it may mean executed, delivered, or put into circulation (33 C. J. p. 826; 4 Words & Phrases, First Series, p. 3778), or it may mean the whole process from

initial authority to final delivery. Its meaning depends upon the context of the charter provision. 33 C. J. p. 826.

The function of the electors in the issuance of municipal bonds is not to do, direct, or superintend the administrative acts by putting them into circulation, but it is to authorize them, to grant the power under which the administrative officers may execute and deliver them. The charter section quoted primarily covers the phase of the issuance of bonds embraced in their initial authorization in conformity with the function of the electors, and it is in that sense the words "issued" and "issuance" are used. The provision is prospective in operation, and, as it contains no restriction upon the administrative issuance of bonds before lawfully authorized, it does not limit the power of the city commission to negotiate them. *Stokes* v. *City of Montgomery,* 203 Ala. 307 (82 South. 663).

The decree entered goes beyond the issue before us in purporting to legalize the bonds and to declare them a general binding obligation upon the city of Flint. We hold only that the objection stated is untenable and that the decree dismissing the bill of complaint is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.